# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ROBIN LEACH** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.** _____ |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WHEELER AND WHEELER, INC.** | ) | |
| **(aka West End Motors)** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ASHLEY S. WHEELER,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff Robin Leach ("Plaintiff") and files this lawsuit against Defendants Wheeler and Wheeler, Inc. and Ashley S. Wheeler (hereinafter "Defendants") stating the following:

## INTRODUCTION

1.     Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") to recover due and unpaid compensation, including overtime compensation, an additional like amount as liquidated damages, and to be reimbursed her costs of litigation, including her reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the present action under 28 U.S.C. §1331 and 28 U.S.C. §1337, because this case arises under the FLSA. This Court has personal jurisdiction over Defendants as both Defendants conduct business and are located/reside in this District.

3.     Venue properly lies in the Eastern District of Virginia, Alexandria Division, under 28 U.S.C. §1391 because Defendants are located/reside in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.     Defendant Wheeler and Wheeler, Inc. is a Delaware corporation, registered to do business in Virginia, which at all times material hereto operated at 12842 Berlin Pike, Lovettsville, Virginia 20180. Defendant Ashley S. Wheeler, a natural person, is a resident at 13033 Lutheran Church Road, Lovettsville, Virginia 20180.

5.     Plaintiff is a resident of the State of Virginia and was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)(1)) who performed non-exempt labor for the Defendants within the last three years.

6.     Defendants employed Plaintiff during the relevant time period.

7.     At all times material hereto, Plaintiff's employer, Wheeler and Wheeler, Inc. ("Wheeler and Wheeler"), was an enterprise engaging in interstate commerce or in the production of goods for commerce, and while employed by Defendants, Plaintiff engaged in commerce or the production of goods for commerce.

8.     At all times material hereto, Defendants were governed by and subject to FLSA §§6, 7; 29 U.S.C. §204, §206 and §207.

9.     At all times material hereto, Ashley S. Wheeler ("Wheeler") was the President and chief executive of Wheeler and Wheeler, Inc.  In this capacity, Wheeler exercised operational control over the work activities of Plaintiff.

10.     At all times material hereto, Wheeler was involved in the day-to-day operations of the corporate Defendant.

11.     At all times material hereto, Wheeler was vested with supervisory authority over Plaintiff.

12.     At all times material hereto, Wheeler scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

13.     At all times material hereto, Wheeler exercised authority and supervision over Plaintiff's compensation.

14.     At all times material hereto, Wheeler has been an "employer" as defined in FLSA §3(d); 29 U.S.C. §203(d)).

**FACTS**

15.     During the relevant times to this suit, Plaintiff performed non-exempt labor for Defendants in the past three years.  Plaintiff's duties consisted of acting as a cashier selling goods that went into commerce, stocking shelves of goods that went into commerce, and other labor tasks in support of Defendants' business which related to the selling of various goods into commerce.

16.     Plaintiff was paid hourly, up to an hourly wage of $9.00 per hour, but she was never paid time and a half for time worked over forty (40) hours in a workweek, and she was routinely required to work more than forty (40) hours in a workweek.

17.     Plaintiff regularly recorded her hours worked by clocking in and out at Defendants' place of business.  During her employment, Plaintiff made requests to be properly compensated for her proper overtime pay, but was never properly paid for her overtime hours.

18.     Defendants knew that Plaintiff worked overtime throughout her tenure at their business, but did not pay Plaintiff one and one-half times her rate of pay for any overtime hours worked.

19.     During her course of employment Plaintiff worked at the Defendants' business performing non-exempt labor as a cashier.  Plaintiff's work was performed for the benefit of the Defendants, in the normal course of Defendants' business and was integrated into the business of the Defendants.  Plaintiff's primary duties and work performed required no capital investment.  Wheeler closely supervised Plaintiff and ensured that Plaintiff was not responsible for any significant decisions regarding the management of the Defendants' business.

20.     Throughout her employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA and subject to the overtime provisions of the FLSA.

21.     Specifically, as an employee of Defendants and at all times relevant to this suit, Plaintiff was a non-exempt employee under the FLSA and implementing regulations promulgated by the Department of Labor.

22.     At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff.

23.     The Defendants were responsible for hiring the Plaintiff, terminating the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, assigning the Plaintiff's work duties and supervising the Plaintiff.

24.     The Defendants, each and jointly, had operational control over the Plaintiff.

25.     The Defendants permitted the Plaintiff to work for them but did not pay Plaintiff for all work that she performed for the Defendants.

26. Accordingly, during the relevant period to this suit, Plaintiff was misclassified as an exempt employee.

27. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

28. At times relevant to this suit, Plaintiff worked an amount of time for Defendants that was more than forty (40) hours per workweek and was not paid the overtime wage differential, and at least at some points is believed not to have been paid the minimum hourly wage of $7.25 as required.

29. In general, Plaintiff consistently worked more than forty (40) hours in a workweek. Plaintiff consistently worked eight (8) hours per day, either working through all or part of her lunch breaks and working an additional time after the end of the workday.

30. In general, Plaintiff worked at least five (5) days per week.

31. Despite being fully aware that Plaintiff worked more than forty (40) hours in a workweek, Plaintiff was not paid a proper wage, including not being paid the overtime wage differential required by FLSA §§6, 7; 29 U.S.C. §204, §206 and §207.

32. Defendants' willfully, knowingly, and/or recklessly engaged in a practice of violating the provisions of the FLSA by failing to pay Plaintiff for all of the hours that she worked, including overtime hours (*i.e.*, over 40).

**COUNT ONE**

**<u>FAILURE TO PAY AS TO ALL DEFENDANTS</u>**

33. The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

34. At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §§6, 7; 29 U.S.C. §§ 206 and 207(a).

35. During her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

36. Defendants failed to pay Plaintiff minimum wage or at one and one half times her regular rate for work in excess of forty (40) in any week.

37. Defendants knew, or showed reckless disregard for their failure to pay Plaintiff minimum wage and overtime in violation of the FLSA.

38. Defendants' conduct was willful and in bad faith.

39. Plaintiff is entitled to full payment, including of overtime in an amount to be determined at trial in accordance with FLSA §16(b), 29 U.S.C. §216(b).

40. As a result of the underpayment, including of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b); 29 U.S.C. §216(b).

41. As a result of the underpayment, including of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA §16(b); 29 U.S.C. §216(b).

**COUNT TWO**

**RETALIATION**

42.     The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

43.     At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA §§6, 7; 29 U.S.C. §207(a).

44.     During her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

45.     Defendants failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) in any week.

46.     Defendants knew, or showed reckless disregard for their failure to pay Plaintiff overtime in violation of the FLSA.

47.     When Plaintiff complained about Defendants' failure to comply with the overtime requirements of the FLSA, Defendants retaliated against her in violation of the law.

48.     Plaintiff is entitled to payment for the retaliation that he was subjected to in an amount to be determined at trial in accordance with FLSA.

49.     As a result of the retaliation as alleged above, Plaintiff is entitled to liquidate damages in accordance with FLSA.

50.     As a result of Defendants' illegal conduct as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA §16(b); 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, having shown just cause, Plaintiff respectfully requests this Court:

(A)   That Plaintiff's claims be tried before jury;

(B)   That Plaintiff be awarded an amount to be determined at trial against Defendants for unpaid compensation, including overtime compensation due under the FLSA, damages suffered as a result of Defendants' retaliation, plus an additional like amount in liquidated damages;

(C)   That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

(D)   For such other and further relief as the Court deems just and proper.

Respectfully submitted: June 9, 2017.

/s/ Ellis L. Bennett
Virginia Bar No. 71685

DUNLAP BENNETT & LUDWIG PLLC
211 Church Street
Leesburg, VA 20175
(703) 777-7319 (phone)
(703) 777-3656 (fax)
ebennett@dbllawyers.com

COUNSEL FOR PLAINTIFF